UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 5: 14-056-1 |
| ) | and |
| Plaintiff, ) | Civil Action No. 5: 17-289 |
| ) | |
| V. ) | |
| ) | |
| DAVID L. PIERCE, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is pending for consideration of Defendant David Pierce's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 211] United States Magistrate Judge Edward B. Atkins has issued a report, recommending that Pierce's motion should be denied and that no Certificate of Appealability should issue. [Record No. 222] Pierce has not filed objected to the Magistrate Judge's Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record and, having conducted a *de novo* review of the matter, agrees with the Magistrate Judge.

Pierce pleaded guilty to conspiracy to defraud the United States, wire fraud, and aggravated identity theft on January 28, 2015. [Record No. 152] As part of his plea

-1-

agreement, he stipulated to a two level enhancement of his offense level pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2B1.1(b)(2)(A), because the offense involved ten or more victims. [*Id.* ¶ 9(d)] Overall, he filed thirteen false tax returns in the names of eleven different taxpayers, claiming a total of $4,222,240 in fraudulent refunds. [Record No. 165, ¶ 12]

Pierce now contends that the two level enhancement under U.S.S.G. § 2B1.1(b)(2)(A) should not have been applied in calculating his guideline range because two of the "victims" of his crimes were his co-conspirators. [Record No. 211] He argues that a co-conspirator who willingly participated in and profited from the enterprise cannot be a "victim," and so there were not ten "victims" of his crimes as required for an enhancement under U.S.S.G. § 2B1.1(b)(2)(A). [*Id.*] He claims that: (i) his attorney provided ineffective assistance by advising him to stipulate to an unwarranted guidelines enhancement, and (ii) because his counsel's assistance was ineffective, his plea of guilty was not knowing, intelligent and voluntary. [*Id.*]

But as explained more fully in the Recommended Disposition, the term "victim," for purposes of U.S.S.G. § 2B1.1(b)(2)(A), includes "any individual whose means of identification was used unlawfully or without lawful authority." U.S.S.G. § 2B1.1 cmt. 1 n. 4(e)(ii). The Sixth Circuit has explained that, because "permission itself does not confer lawful authority," the phrase "without lawful authority" "includes instances where an individual gives his . . . information to a defendant with permission to misuse it." *United States v. Lumbard*, 706 F.3d 716, 722-24 (6th Cir. 2013). The fact that Pierce's co-conspirators may have willingly participated in and profited from the conspiracy cannot confer "lawful authority" to file false tax returns in their names. As a result, the two level

enhancement was properly applied. Pierce's arguments to the contrary cannot demonstrate that his counsel's assistance was ineffective or that his guilty plea was not knowing, intelligent and voluntary.

The Court will deny a Certificate of Appealability pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c). Pierce has failed to show that the issues he raises are debatable among reasonable jurists or that they would find this court's "assessment of the constitutional claims debatable or wrong." Likewise, reasonable jurists would not find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, it is hereby

**ORDERED** as follows:

1. The United States Magistrate Judge's Recommended Disposition [Record No. 222] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant David Pierce's motion to vacate, set aside, or correct his sentence [Record No. 211] is **DENIED**.

3. The defendant's collateral proceeding is **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4. A Certificate of Appealability shall not issue with respect to any issue raised in this matter.

This 1st day of December, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge